**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――― x
EASTSIDE HOLDINGS INC., Individually and : 
on Behalf of All Others Similarly Situated, : Electronically Filed
: 
                              Plaintiff, :
          v. : Civil Action No.: 1:08-cv-02793 (RWS)
: (ECF Case)
THE BEAR STEARNS COMPANIES INC., :
JAMES E. CAYNE, ALAN D. SCHWARTZ, : Hon. Robert W. Sweet
WARREN J. SPECTOR, SAMUEL L. :
MOLINARO, JR. and ALAN C. GREENBERG, :
:
                              Defendants. :
―――――――――――――――――――――――― x

*(Additional Captions on the Following Pages)*

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE STATE
OF MICHIGAN RETIREMENT SYSTEMS FOR CONSOLIDATION**

——————————————————————— x
RAZILL C. BECHER, Individually and on Behalf : 
of All Others Similarly Situated, : Electronically Filed
 :
               Plaintiff, :
   v. : Civil Action No.: 1:08-CV-02866 (RWS)
 : (ECF Case)
THE BEAR STEARNS COMPANIES INC., :
JAMES E. CAYNE, ALAN D. SCHWARTZ, : Hon. Robert W. Sweet
WARREN J. SPECTOR, SAMUEL L. :
MOLINARO, JR. and ALAN C. GREENBERG, :
 :
               Defendants. :
——————————————————————— x
GREEK ORTHODOX ARCHDIOCESE :
FOUNDATION, by and through GEORGE :
KERITSIS, TRUSTEE, Individually and On : Electronically Filed
Behalf of All Others Similarly Situated, :
 :
             Plaintiff, : Civil Action No. 1:08-CV-03013 (RWS)
   v. : (ECF Case)
 :
THE BEAR STEARNS COMPANIES INC., : Hon. Robert W. Sweet
JAMES E. CAYNE, ALAN D. SCHWARTZ, :
WARREN J. SPECTOR, and SAMUEL L. :
MOLINARO, JR., :
 :
             Defendants. :
——————————————————————— x
FREDERICK S. SCHWARTZ, Individually and :
On Behalf of All Other Similarly Situated : Electronically Filed
Persons, :
 :
            Plaintiffs, : Civil Action No.: 1:08-CV-04972 (RWS)
   v. : (ECF Case)
 :
THE BEAR STEARNS COMPANIES, JAMES :
E. CAYNE, ALAN D. SCHWARTZ and : Hon. Robert W. Sweet
SAMUEL L. MOLINARO, JR., :
 :
             Defendants, :
——————————————————————— x

———————————————————————— x
GILLES BRANSBOURG, Individually and on : 
Behalf of All Others Similarly Situated, : Electronically Filed
 :
                       Plaintiff, :
    v. : Civil Action No.: 1:08-CV-5054 (RWS)
 : (ECF Case)
THE BEAR STEARNS COMPANIES INC., :
JAMES E. CAYNE, ALAN D. SCHWARTZ, : Hon. Robert W. Sweet
WARREN J. SPECTOR, SAMUEL L. :
MOLINARO, JR. and ALAN C. GREENBERG, :
 :
                      Defendants. :
———————————————————————— x

The State Treasurer of the State of Michigan, Custodian of the Michigan Public School Employees Retirement System, State Employees' Retirement System, Michigan State Police Retirement System, and Michigan Judges Retirement System (the "State of Michigan Retirement Systems" or "SMRS") respectfully submits this memorandum in support of its motion for consolidation, pursuant to Fed. R. Civ. P. 42(a), of the actions *Bransbourg v. The Bear Stearns Cos. Inc.*, No. 08-cv-05054 (the "*Bransbourg* Action") and *Schwartz v. The Bear Stearns Cos.*, No. 08-cv-04972 (the "*Schwartz* Action") with the other above-captioned actions.

## PRELIMINARY STATEMENT

The *Bransbourg* Action and the *Schwartz* Action are substantially similar to the other above-captioned actions against Bear Stearns and should be consolidated with those actions. Both the *Bransbourg* Action and the *Schwartz* Action involve the same claims of violations of the federal securities laws, the same alleged misrepresentations and/or omissions of material facts by the defendants, and the same underlying factual and legal issues. The presumptive lead plaintiff, SMRS, will adequately represent the *Bransbourg* plaintiffs, who in a letter to the Court claimed that his case should not be consolidated and that his "subclass" should be represented by a separate lead plaintiff/lead counsel.[1] As these actions overlap substantially, consolidation of these matters is proper under Rule 42(a), particularly where, as here, the putative lead "niche" plaintiff missed the filing deadline for lead plaintiff motions.

---

[1] SMRS incorporates by reference herein its previously filed lead plaintiff motion and supporting documents to support its request that once the actions are consolidated, SMRS and its choice of lead counsel should be appointed leap plaintiff/lead counsel for the consolidated action.

1

**ARGUMENT**

I.   **CONSOLIDATION IS PROPER UNDER RULE 42(a)**

Consolidation is proper under Fed. R. Civ. P. 42(a) when actions involve common questions of law or fact. *See Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999). The Court has broad discretion under this rule to consolidate cases. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Consolidation of class action shareholder suits has become commonplace, because it expedites the proceedings, reduces duplication, and reduces the expenditure of time and money. *See id.* at 1285; *Aronson*, 79 F. Supp. 2d at 1150.

When, as here, the actions pending before the Court involve common questions of law and fact, arise from the same facts and circumstances, and involve the same subject matter, consolidation under Rule 42(a) is appropriate. Consolidation will promote efficiency, particularly since in addition to common substantive issues, the issues involved with discovery and class certification will be relevant to all of the related actions. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91-92 (S.D.N.Y. 2007).

II.   **ALL OF THE BEAR STEARNS SECURITIES CASES ARE SUBSTANTIALLY SIMILAR**

    A.   **The *Bransbourg* Action is Functionally the Same As the Other Actions**

The claims asserted in the *Bransbourg* Action against Bear Stearns are the same as the claims asserted by the plaintiffs in the other above-captioned Bear Stearns securities actions. *See* Exhibit A to the Declaration of Andrei V. Rado (attaching chart showing similarities between the *Bransbourg* and *Eastside Holdings* Actions). The complaint in the *Bransbourg* Action, filed on June 2, 2008, asserts claims pursuant to

Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.  *Bransbourg* Compl. at

¶¶ 79-84.  As with the other actions, the *Bransbourg* Action alleges misrepresentations

and/or omissions of material facts made by a largely overlapping set of defendants.[2]

These alleged misrepresentations by the top officers or directors of Bear Stearns,

regarding Bear Stearns' asset-backed securities and liquidity, are very similar and,

indeed, identical in important respects. *See* Rado Decl., Ex. A.  All of these cases are

fraud on the market cases:

> Plaintiff and the Class have suffered damages in that, **in reliance on the integrity of the market**, they paid artificially inflated prices for Bear Stearns common stock.  Plaintiff and the Class would not have purchased Bear Stearns common stock at the prices they paid, or at all, if they had been aware that the market prices had been artificially and falsely inflated by defendants' misleading statements.

*Bransbourg* Compl. at ¶ 82 (emphasis added).  The Class Period alleged in the

*Bransbourg* Action is also the same as the Class Period in the *Eastside Holdings* Action,

and encompasses the two shorter class periods alleged in the *Schwartz* and *Greek

Orthodox* Actions.[3]  *Bransbourg* Compl. at ¶ 2.

      **B.**      **The Similar *Schwartz* Action Should Also Be Consolidated**

The *Schwartz* Action, which was not initially filed as a related action pursuant to

Local Rule 1.6, and, therefore, was not included in SMRS' initial motion for

consolidation and appointment for lead plaintiff and lead counsel, should also be

consolidated with the other Bear Stearns securities class actions. The *Schwartz* action is

almost identical to the *Greek Orthodox* Action except *Schwartz* alleges a two day class

---

[2] The only exception is that Alan C. Greenberg is not named as a defendant in the action brought by the Greek Orthodox Archdiocese Foundation, No. 08-cv-05054 (the "*Greek Orthodox* Action").

[3] SMRS has addressed its objections to the three day Class Period suggested by the Greek Orthodox Archdiocese extensively in previous submissions and will not repeat them again here.

period whereas *Greek Orthodox* alleges a three day class period. Like the other actions, the *Schwartz* Action is a securities class action brought on behalf of open market purchasers of Bear Stearns' securities alleging that the same defendants, as named in the other actions, violated Sections 10(b) and 20(a) of the Exchange Act by issuing materially false and misleading statements about the Company. Accordingly, consolidation pursuant to Fed. R. Civ. P. 42(a) is appropriate.

## III.   THE PRESUMPTIVE LEAD PLAINTIFF WILL PROTECT THE INTERESTS OF THE *BRANSBOURG* "SUBCLASS"

The State of Michigan Retirement System, the presumptive lead plaintiff, is a sophisticated institutional investor and will lead this litigation in the best interest of the entire class. The *Bransbourg* Action asserts claims "on behalf of all current and former employees of Bear Steams whose compensation from the Company was, in part, in the form of Restricted Stock Units or CAP [Capital Accumulation Plan] Units, and whose rights to either the Restricted Stock Units and/or CAP Units were vested, thus providing them with a present entitlement to be paid or credited an equivalent number of shares of Bear Stearns Stock upon settlement at the end of a deferral period …." *Bransbourg* Compl. at ¶ 85.

As discussed above, the alleged harm to these former Bear Stearns employees came from the decline of the artificially inflated prices for Bear Stearns stock when corrective disclosure(s) became public. Thus, they allege precisely the same harm alleged in the other actions. The former employees are members of the class of persons and entities who purchased or otherwise acquired the securities of Bear Stearns, as described in the other Bear Stearns securities class actions. The loss causation discussion in the *Bransbourg* Action also focuses on the common stock, rather than any separate

4

damage done to the Restricted Stock Units or CAP Units. *See Bransbourg* Compl. at ¶¶ 72-78. Again, the Bransbourg Action is a fraud on the market claim, as are the other Bear Stearns actions. The allegations regarding employee stock ownership at Bear Stearns are irrelevant to the claims and operative facts alleged in Bransbourg's complaint.

SMRS has extensively briefed its adequacy and typicality to represent the class, and it is exactly the type of lead plaintiff envisioned by the PSLRA, with substantial losses from its purchases of Bear Stearns stock. *See*, *e.g.*, *Greenberg v. Bear Stearns & Co.*, 80 F. Supp. 2d 65, 70 (E.D.N.Y. 2000). SMRS' claims arise out of the same course of events and are predicated on the same legal theories as the other members of the putative class, including Bransbourg, and SMRS' interests are aligned with the interests of the other members of the class. As presumptive lead plaintiff, SMRS will carry out its fiduciary duty to other class members and seek to maximize the recovery for and to protect the interests of all of the members of the class, including the former Bear Stearns employees described in the *Bransbourg* Action.

As SMRS has established previously, a single lead plaintiff can represent purchasers of other types of securities. *See*, *e.g.*, *Aronson*, 79 F. Supp. 2d at 1150-51. So-called "niche" plaintiffs are routinely rejected as inconsistent with the PSLRA. *See In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 451 (S.D. Tex. 2002) ("[R]equests for splintering the action or appointing multiple Lead Plaintiffs to represent specialized interests, especially in light of the common facts and legal issues here, would undermine the purpose of the PSLRA. Therefore the Court denies the motions of the 'Niche Plaintiffs' and addresses the remaining applications.")

If, during the course of the litigation, conflicts or unique issues actually arise, counsel for Bransbourg may notify counsel for SMRS at that point.[4] However, Bransbourg has not identified any potential conflicts. Foregoing the benefits of consolidation, and undermining the PSLRA's lead plaintiff selection process, for unidentified, potential issues is unauthorized and offers no practical benefits.

## IV.   ANY LEAD PLAINTIFF MOTION BY BRANSBOURG, OR OTHERS, ON BEHALF OF HIS "SUBCLASS," WOULD BE UNTIMELY

Under the PSLRA, the plaintiff in the first filed action must publish notice of the action, and lead plaintiff motions must be filed "not later than" 60 days after such publication. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Counsel for the *Eastside Holding* plaintiff published a press release on March 17, 2008, advising that a class action had been commenced against Bear Stearns and setting the lead plaintiff deadline for 60 days later, *i.e.* May 16, 2008.

As this Court has recognized, the 60-day deadline has been strictly applied and prohibits even the supplementation or amendment of a timely filed motion. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 410 (S.D.N.Y. 2004) ("[Movant] Sea Carriers' assertion of additional alleged losses will not be considered in assessing the movants' relative financial interests since, as one court has explained, the supplementation of a movant's losses 'is not contemplated by the PSLRA ... [and] supplementation after the expiration of the sixty (60) day period would not only be inconsistent with the language and purposes of the PSLRA, but would effectively nullify the time limits expressly provided therein.'") (citation omitted). *See*

---

[4] Subclasses are properly determined at the time of the ruling on a motion for class certification. *See In re Star Gas Sec. Litig.*, 04-cv-1766, 2005 WL 818617, at *7 (D. Conn. Apr. 8, 2005).

6

*also Ferrari v. Gisch*, 225 F.R.D. 599, 603 (C.D. Cal. 2004) (The PSLRA's lead plaintiff deadline is "*unequivocal and allows for no exceptions*." (Emphasis added).

The notice was not limited to non-Bear Stearns employees. It unequivocally stated that the action covered "purchasers of The Bear Stearns Companies Inc. … (NYSE:BSC) common stock during the period between December 14, 2006 and March 14, 2008 …." There can be no argument that Bear Stearns employees who purchased the company's common stock during the class period believed they were not covered by this notice. Bransbourg was a purchaser of Bear Stearns common stock and therefore had notice of the pending action and the corresponding deadline triggered by the publication of the notice.

The PSLRA seeks to expedite the process of appointing lead counsel and rejects actions that would delay the process, as untimely niche lead plaintiff motions would do. *See*, *e.g.*, *Pirelli*, 229 F.R.D. at 410; *Ferrari*, 225 F.R.D. at 603; *Rozenboom v. Van Der Moolen Holding, N.V.*, No. 03-civ-8284, 2004 WL 816440, at *4 (S.D.N.Y. Apr. 14, 2004).

## CONCLUSION

For all the above reasons, SMRS respectfully requests that the Court consolidate the *Bransbourg* Action and the *Schwartz* Action with the other Bear Stearns securities class actions.

| | |
|---|---|
| Dated: July 8, 2008 | Respectfully submitted, |

| | |
|---|---|
| **BERMAN DeVALERIO TABACCO BURT & PUCILLO** | **LABATON SUCHAROW LLP** |
| By: */s/ Jeffrey C. Block* | By: */s/ Thomas A. Dubbs* |
| Jeffrey C. Block (JCB-0387)<br>Patrick T. Egan<br>Justin Saif<br>One Liberty Square<br>Boston, Massachusetts 02109<br>Telephone: (617) 542-8300<br>Facsimile: (617) 542-1194 | Thomas A. Dubbs (TD-9868)<br>Christopher J. Keller (CK-2347)<br>Andrei V. Rado (AR-3724)<br>Alan I. Ellman (AE-7347)<br>140 Broadway<br>New York, New York 10005<br>Telephone: (212) 907-0700<br>Facsimile: (212) 818-0477 |
| Joseph J. Tabacco, Jr. (JJT-1994)<br>Julie J. Bai<br>425 California Street<br>Suite 2100<br>San Francisco, California 94104<br>Telephone: (415) 433-3200<br>Facsimile: (415) 433-6382 | |